FILED
CHARLOTTE, NC

JUN 17 2025

US DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. **3:25-cr-145-MOC** |
| | ) | |
| | ) | **UNDER SEAL** |
| | ) | **BILL OF INDICTMENT** |
| v. | ) | Violations: |
| | ) | 21 USC § 846 |
| | ) | 21 USC § 841(a)(1) |
| TYRRELL CHERRY | ) | 18 USC § 1957 |
| | ) | |

## THE GRAND JURY CHARGES:

### COUNT ONE
*(Conspiracy to Distribute and Possess with Intent to Distribute Cocaine)*

From in or around July 2022 and continuing until on or about June 2025, in Mecklenburg County, within the Western District of North Carolina, and elsewhere,

**TYRRELL CHERRY**

did knowingly and intentionally combine, conspire, confederate and agree with others, both known and unknown to the Grand Jury, to distribute and possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

**Quantity of Cocaine Involved**

It is further alleged that, with respect to the conspiracy offense charged in Count One, five hundred (500) grams or more of cocaine is attributable to **TYRRELL CHERRY** as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him. Accordingly, Title 21, United States Code, Section 841(b)(1)(B) is applicable to **TYRRELL CHERRY**.

### COUNT TWO
*(Attempted Possession with Intent to Distribute Cocaine)*

On or about March 8, 2024, in Mecklenburg County, within the Western District of North Carolina,

**TYRRELL CHERRY**

did knowingly and intentionally attempt to possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1).

### Quantity of Cocaine Involved

The offense charged in Count Two involved five hundred (500) grams or more of cocaine. Accordingly, Title 21, United States Code, Section 841(b)(1)(B) is applicable to **TYRRELL CHERRY**.

### COUNT THREE
*(Distribution of Cocaine)*

On or about December 11, 2024, in Mecklenburg County, within the Western District of North Carolina,

**TYRRELL CHERRY**

did knowingly and intentionally distribute a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

### COUNT FOUR
*(Distribution of Cocaine)*

On or about December 17, 2024, in Mecklenburg County, within the Western District of North Carolina,

**TYRRELL CHERRY**

did knowingly and intentionally distribute a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

### COUNT FIVE
*(Distribution of Cocaine)*

On or about April 15, 2025, in Mecklenburg County, within the Western District of North Carolina,

TYRRELL CHERRY

did knowingly and intentionally distribute a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT SIX
*(Distribution of Cocaine)*

On or about April 24, 2025, in Mecklenburg County, within the Western District of North Carolina,

TYRRELL CHERRY

did knowingly and intentionally distribute a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNTS SEVEN THROUGH TWENTY-THREE
*(Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity)*

On or about the dates set forth below, in the Western District of North Carolina, and elsewhere,

TYRRELL CHERRY

did knowingly engage and attempt to engage in the following monetary transactions by, through and to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is, the withdrawal, transfer, and exchange of funds, such property having been derived from a specified unlawful activity, that is, distribution of controlled substances in violation of Title 21, United States Code, Sections 841(a)(1).

| COUNT | DATE | MONETARY TRANSACTION |
|---|---|---|
| SEVEN | December 20, 2022 | TYRRELL CHERRY made a cash withdrawal from his Wells Fargo checking account ending in 3892 of **$35,010.00** from a physical Wells Fargo branch store. |
| EIGHT | December 21, 2022 | TYRRELL CHERRY made a cash withdrawal from his Wells Fargo checking account ending in 3892 of **$25,010.00** from a physical Wells Fargo branch store. |

| NINE | January 27, 2023 | TYRRELL CHERRY caused **$232,361.93** to be wired from his Fifth Third checking account ending in 8649 to SOTO Law PLLC Trust Account held at First Citizens Bank. |
|---|---|---|
| TEN | January 27, 2023 | TYRRELL CHERRY caused **$172,361.00** to be wired from his Wells Fargo checking account ending in 3892 to SOTO Law PLLC Trust Account held at First Citizens Bank. |
| ELEVEN | April 21, 2023 | TYRRELL CHERRY caused **$42,000.00** to be wired from his Wells Fargo checking account ending in 3892 to SOTO Law PLLC Trust account held at First Citizens Bank. |
| TWELVE | April 21, 2023 | TYRRELL CHERRY caused **$200,097.79** to be wired from his USAA checking account ending in 0396 to SOTO Law PLLC Trust Account held at First Citizens Bank. |
| THIRTEEN | May 22, 2023 | TYRRELL CHERRY closed his Fifth Third checking account ending in 8649 by purchasing a cashier's check in the amount of **$207,390.92**. |
| FOURTEEN | November 7, 2023 | TYRRELL CHERRY caused **$254,487.13** to be wired from his USAA checking account ending in 0396 to PALADIN Law's account held at United Community Bank. |
| FIFTEEN | November 8, 2023 | TYRRELL CHERRY caused **$254,487.13** to be wired from his Wells Fargo checking account ending in 3892 to PALADIN Law's account held at United Community Bank. |
| SIXTEEN | November 8, 2023 | TYRRELL CHERRY caused **$22,069.05** to be wired from his Wells Fargo checking account ending in 3892 to Gaston and Sheehan Auctioneers, Appraisers and Realty. |
| SEVENTEEN | April 25, 2024 | TYRRELL CHERRY caused **$19,000.00** to be debited from his Wells Fargo checking account ending in 3708 to Hendrick Volkswagen of Concord in order to purchase a 2023 Volkswagen Jetta. |
| EIGHTEEN | May 17, 2024 | TYRRELL CHERRY caused **$12,376.77** to be wired from his Wells Fargo checking account ending in 3892 to Gaston and Sheehan Auctioneers, Appraisers and Realty. |
| NINETEEN | May 22, 2024 | TYRRELL CHERRY caused **$25,000.00** to be wired from his Wells Fargo checking account ending in 3892 to Gaston and Sheehan Auctioneers, Appraisers and Realty. |

| TWENTY | August 7, 2024 | TYRRELL CHERRY caused **$25,602.67** to be wired from his Wells Fargo checking account ending in 3892 to Gaston and Sheehan Auctioneers, Appraisers and Realty. |
|---|---|---|
| TWENTY-ONE | September 12, 2024 | TYRRELL CHERRY caused **$26,450.00** to be wired from his Wells Fargo checking account ending in 3892 to CWS Marketing Group. |
| TWENTY-TWO | November 18, 2024 | TYRRELL CHERRY requested an official check in the amount of **$300,000.00** be drafted from his USAA checking account ending in 0396, which he later received. |
| TWENTY-THREE | November 19, 2024 | TYRRELL CHERRY requested an official check in the amount of **$200,000.00** be drafted from his Wells Fargo checking account ending in 3892, which he later received. |

All in violation of Title 18, United States Code, Section 1957.

## NOTICE OF FORFEITURE AND FINDING OF PROBABLE CAUSE

Notice is hereby given of 18 U.S.C. § 982, 21 U.S.C. § 853, and 28 U.S.C. § 2461(c). Under Section 2461(c), criminal forfeiture is applicable to any offenses for which forfeiture is authorized by any other statute, including but not limited to 18 U.S.C. § 981 and all specified unlawful activities listed or referenced in 18 U.S.C. § 1956(c)(7), which are incorporated as to proceeds by Section 981(a)(1)(C). The following property is subject to forfeiture in accordance with Section 982, 853, and/or 2461(c):

a. All property which constitutes or is derived from proceeds of the violations set forth in this bill of indictment;

b. All property used or intended to be used in any manner or part to commit or facilitate such violations;

c. All property involved in such violations or traceable to property involved in such violations; and

5

d.  If, as set forth in 21 U.S.C. § 853(p), any property described in (a), (b), or (c) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant/s to the extent of the value of the property described in (a), (b), and (c).

The Grand Jury finds probable cause to believe that the following property is subject to forfeiture on one or more of the grounds stated above:

a.  All funds in USAA account number ending *0396, such account held in the name of Tyrrell Daquan Cherry;

b.  All funds in Wells Fargo account number ending *3892, such account held in the name of Tyrrell Daquan Cherry;

c.  All funds in Wells Fargo account number ending *3708, such account held in the name of EVOBLU KITCHENS LLC;

d.  All funds in Venmo account ending *2807, such account held in the name of Tee Cee;

e.  All funds in Venmo account ending *6240, such account held in the name of Tee Cee;

f.  One Blue 2023 Volkswagen Jetta bearing North Carolina license plate number LAP3196 and vehicle identification number 3VW5M7BU9PM058535;

g.  Four gold bars, 12 silver bars, and two platinum bars;

h.  20 pieces of assorted jewelry;

  i.  The real property located at 805 Justice Ave, Charlotte, NC 28206;

  j.  The real property located at 809 Justice Ave, Charlotte, NC 28206;

  k.  The real property located at 600 Pecan Ave, Charlotte, NC 28204;

  l.  The real property located at 232 State St., Charlotte, NC 28208; and

  m.  The real property located at 2916 L D Parker Dr., Charlotte, NC 28206;

A TRUE BILL

FOREPERSON

RUSS FERGUSON
UNITED STATES ATTORNEY

*[signature]*

BRIAN KENNEY
ASSISTANT UNITED STATES ATTORNEY