Case No.: 3:25-cr-145-MOC-DCK

### UNITED STATES OF AMERICA

v.

### TYRRELL CHERRY

## DEFENDANT'S RENEWED MOTION FOR ISSUANCE OF RULE 17(c) SUBPOENAS DUCES TECUM

COMES NOW the Defendant, Tyrrell Cherry, proceeding *in propria persona*, and

respectfully submits this Renewed Motion for Issuance of Rule 17(c) Subpoenas *Duces*

*Tecum*.

This Court previously denied the Defendant's initial request for subpoenas without prejudice,

finding the requests too broad and lacking sufficient specificity. In response to the Court's

guidance, the Defendant has drastically narrowed the scope of his requests to four (4) highly

specific, narrowly tailored items that are critical to the pending Motion to Suppress and the

requested *Franks* hearing.

## I. NARROWED SUBPOENA REQUESTS

The Defendant requests the Court to issue subpoenas *duces tecum* for the following specific

items:

1. **Package View Imaging:** The specific Package View imaging scan(s) showing the

   exact arrival time at the Gastonia, NC USPS facility for the parcel bearing tracking

   number 9505 5106 9011 4064 4568 27 (the "March 6th parcel").

2. **USPS Tracking History:** The complete, unredacted USPS tracking history log for

   the parcel bearing tracking number 9505 5106 9011 4064 4568 27.

3. **CMPD K-9 Dispatch Logs:** The official dispatch and deployment logs from the Charlotte-Mecklenburg Police Department (CMPD) specifically for K-9 "Cali" and Handler Officer Cerredans for the limited time period of 9:00 AM to 12:00 PM on March 6, 2024.

4. **CMPD Vehicle GPS Logs:** The official vehicle GPS location logs for the patrol vehicle assigned to CMPD Officer Cerredans (K-9 Handler) for the limited time period of 9:00 AM to 12:00 PM on March 6, 2024.

## II. LEGAL STANDARD AND JUSTIFICATION

Under Federal Rule of Criminal Procedure 17(c) and the standard established in *United States v. Nixon*, 418 U.S. 683 (1974), a party seeking a subpoena *duces tecum* prior to trial must show: (1) relevancy; (2) admissibility; and (3) specificity.

The Defendant has met this burden for the narrowed requests:

1. **Specificity:** The requests are no longer broad. They identify a single tracking number, a specific 3-hour window on a single date, a specific K-9, and a specific officer. This eliminates any concern of a "fishing expedition."

2. **Relevancy:** The central issue in the pending Motion to Suppress is whether the K-9 sniff of the March 6 parcel occurred at 10:24 AM as claimed by Inspector Jenkins in his affidavit. The Defendant alleges, based on USPS Package View data, that the parcel did not arrive at the facility until 2:34 PM. If the tracking data and Package View imaging confirm a 2:34 PM arrival, it is physically impossible for the K-9 sniff to have occurred at 10:24 AM. This would prove the probable cause in the warrant affidavit was fabricated, requiring suppression under *Franks v. Delaware*, 438 U.S. 154 (1978). The K-9 dispatch and GPS logs are similarly relevant to establish whether the dog was actually present at the facility during the claimed 10:24 AM window.

3. **Admissibility:** The requested documents are official business records of the USPS

and CMPD. They are admissible under the business records exception to the hearsay rule, Fed. R. Evid. 803(6), and are necessary substantive evidence for the suppression hearing.

### III. INDIGENCY AND RULE 17(b)

The Defendant is incarcerated and indigent. Pursuant to Rule 17(b), the Defendant requests that the Court order the issuance and service of these subpoenas without cost to the Defendant, as the presence of these documents is necessary for an adequate defense at the suppression hearing.

### IV. CERTIFICATION REGARDING USE OF ARTIFICIAL INTELLIGENCE

Pursuant to the Standing Order In Re: Use of Artificial Intelligence (Docket No. 3:24-mc-104), the Defendant hereby certifies:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources;

2. Every statement and every citation to an authority contained in this document has been checked by the party making the filing acting *pro se* as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

### CONCLUSION

For the foregoing reasons, the Defendant respectfully requests that the Court grant this Renewed Motion and order the issuance of the four specifically identified subpoenas *duces tecum*.

Respectfully submitted this ___1___ day of ___June___, 2026.

_____
**Tyrrell Cherry** Defendant, *Pro Se*
1009 Justice Avenue
Charlotte, NC 28206

Standby Counsel: Darrin Michael Gamradt

# CERTIFICATE OF SERVICE

I hereby certify that on this __1__ day of __June__, 2026, a true and correct copy of the foregoing **DEFENDANT'S RENEWED MOTION FOR ISSUANCE OF RULE 17(c) SUBPOENAS DUCES TECUM** was served upon the Office of the United States Attorney for the Western District of North Carolina via [ECF / hand delivery / U.S. Mail] at:

**Brian M. Kenney**
DOJ-USAO
Criminal Division
227 West Trade Street
Suite 1650
Charlotte, NC 28202
704-421-4520
Email: brian.kenney@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*


**Darrin Michael Gamradt**
CJA Darrin Gamradt
24 Cabarrus Avenue East
Ste 1100
Concord, NC 28025
704-787-9387
Fax: 704-919-5974
Email: dmgamradt@gamradtlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

Tyrrell Cherry, *Pro Se*